1   PHILIP A. MCLEOD, CASB No. 101101
    philip.mcleod@kyl.com
2   IAN ROSS, CASB No. 284842
    ian.ross@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   450 Pacific Avenue
    San Francisco, California 94133
5   Telephone:    (415) 398-6000
    Facsimile:    (415) 981-0136
6
    Attorneys for Defendant
7   JP MORGAN CHASE BANK, N.A.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  DAN WISKIND,                          )  Case No. 3:14-cv-04223-NC
                                          )
12                         Plaintiff,     )  **MEMORANDUM OF POINTS AND**
                                          )  **AUTHORITIES IN SUPPORT OF**
13           vs.                          )  **DEFENDANT JPMORGAN CHASE BANK,**
                                          )  **N.A.'S MOTION TO DISMISS**
14  JP MORGAN CHASE BANK, N.A. and Does 1 )
    through 10,                           )  **[Filed concurrently with Request for Judicial**
15                                        )  **Notice; Notice of Motion; Motion to Dismiss]**
                                          )
16                         Defendants.    )  Date:     November 19, 2014
                                          )  Time:     1:00 p.m.
17                                        )  Place:    Courtroom A
                                          )
18                                        )
                                          )
19  _____)

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

## **TABLE OF CONTENTS**

2

Page

3  I.     INTRODUCTION ................................................................................................... 1

4  II.    STATEMENT OF FACTS ...................................................................................... 1

5  III.   LEGAL STANDARD ............................................................................................ 2

6  IV.  LEGAL ARGUMENT ........................................................................................... 3

7          A.    PLAINTIFF'S CLAIM FOR "DECEIT—PROMISE MADE WITHOUT
8                INTENT TO PERFORM" FAILS ............................................................... 3

9                1.    Plaintiff's Claim Fails to Satisfy the Heightened Pleading
                        Requirements for Fraud-Based Claims ............................................ 4

10                2.    Plaintiff's Claim is not Exempt from the Heightened Pleading
11                          Requirements for Fraud-Based Claims ............................................ 5

12          B.    PLAINTIFF'S CLAIM FOR "DECEIT—INTENTIONAL
              MISREPRESENTATION" FAILS ............................................................... 6

13          C.    PLAINTIFF'S CLAIM FOR "FRAUD AND DECEIT—SUPPRESSION OF
14                MATERIAL FACTS" FAILS ...................................................................... 7

15                1.    Plaintiff Has Not Alleged Facts Showing a Duty to Disclose ......................... 7

16                2.    Plaintiff Does Not Allege the Remaining Elements of a
                        Fraudulent Concealment Claim with the Necessary Specificity .................... 9

17          D.    PLAINTIFF'S CLAIM FOR "FRAUD AND DECEIT—NEGLIGENT
18                MISREPRESENTATION" FAILS ............................................................... 9

19          E.    PLAINTIFF'S CLAIM FOR "VIOLATION OF BUSINESS AND
              PROFESSIONS CODE § 17200 ET SEQ." FAILS .................................... 10

20                1.    Plaintiff Has Not Alleged a Factual Basis for His Claim ............................. 10

21                2.    Plaintiff Does Not Have Standing to Assert this Claim ................................ 12

22           F.    PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL FAILS ............................. 12

23  V.    CONCLUSION ..................................................................................................... 14

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Page(s)**

4

**FEDERAL CASES**

5

*Amc Tech. v. Cisco Sys.*,
   2012 U.S. Dist. LEXIS 6487 (N.D. Cal. Jan. 20, 2012)......................................................3

6

7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................2

8

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................2

9

10

*Burton v. Nationstar Mortg. LLC*,
   2013 U.S. Dist. LEXIS 75467 (E.D. Cal. May 29, 2013) ...............................................4, 7

11

12

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)..........................................................................................10

13

14

*Fevinger v. Bank of Am., N.A.*,
   2014 U.S. Dist. LEXIS 45648 (N.D. Cal. Mar. 31, 2014) .................................................9

15

*Fuapau v. Cent. Mortg. Co.*,
   2014 U.S. Dist. LEXIS 103127 (N.D. Cal. July 28, 2014) ............................................9, 10

16

17

*Groth-Hill Land Company, LLC v. GM LLC*,
   2013 U.S. Dist. LEXIS 103039 (N.D. Cal. July 23, 2013) .................................................8

18

19

*Hatfield v. DaVita Healthcare Partners, Inc.*,
   2014 U.S. Dist. LEXIS 73434 (N.D. Cal. May 20, 2014)...................................................5

20

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)..........................................................................................11

21

22

*Lawrence v. Sadek*,
   2013 U.S. Dist. LEXIS 153074 (C.D. Cal. Oct. 21, 2013) .................................................7

23

24

*Lugo v. Bank of Am., N.A.*,
   2012 U.S. Dist. LEXIS 35504 (E.D. Cal. Mar. 15, 2012)...................................................8

25

*Lyons v. Bank of Am., NA*,
   2011 U.S. Dist. LEXIS 90499 (N.D. Cal. Aug. 15, 2011) ..................................................8

26

27

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ..................................................................................................5

28

KYL_SF654457.v2

*Newgent v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 18476 (S.D. Cal. Mar. 2, 2010) ...............................................7

*Porter v. Bank of Am., N.A.*,
   2014 U.S. Dist. LEXIS 64038 (E.D. Cal. May 7, 2014) .................................................7

*Reiydelle v. J.P. Morgan Chase Bank, N.A.*,
   2014 U.S. Dist. LEXIS 69872 (N.D. Cal. May 20, 2014)...............................................8

*Senah Inc. v. Xi'an Forstar S&T Co.*,
   2014 U.S. Dist. LEXIS 91946 (N.D. Cal. July 3, 2014) ......................................... *passim*

*Shorter v. Peaches Uniforms, Inc.*,
   2013 U.S. Dist. LEXIS 9228 (E.D. Cal. Jan. 23, 2013) ...............................................12

*Thu Ha Nong v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Dec. 6, 2010)............................................13

*Tidwell v. JP Morgan Chase Bank, N.A.*,
   2013 U.S. Dist. LEXIS 145822 (N.D. Cal. Oct. 8, 2013) ............................................11

*Travelers Prop. Cas. Co. of Am. V. Centex Homes*,
   2013 U.S. Dist. LEXIS 76308 (N.D. Cal. May 30, 2013)............................................11

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................... *passim*

*Welte v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 180466 (C.D. Cal. Dec. 18, 2013)..........................................11

*Whalen v. Bank of Am., N.A.*,
   2013 U.S. Dist. LEXIS 87798 (D. Id. May 28, 2013) ...................................................6

**STATE CASES**

*Californians for Disability Rights v. Mervyn's, LLC*,
   39 Cal. 4th 223 (2006)............................................................................................10, 12

*Conroy v. Regents of Univ. of Cal.*,
   45 Cal. 4th 1244 (2009) ...............................................................................................6

*Daugherty v. Am. Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2006) ......................................................................................10

*Hills Transp. Co. v. Southwest Forest Industries, Inc.*,
   266 Cal. App. 2d 702 (1968) .....................................................................................3, 4

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011)................................................................................................12

KYL_SF654457.v2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ................................................................10

*Rossberg v. Bank of Am., N.A.*,
    219 Cal. App. 4th 1481 (2013) ..................................................................3

*Smith v. Home Loan Funding, Inc.*,
    192 Cal. App. 4th 1331 (2011) ..................................................................8

*Smith v. San Francisco*,
    225 Cal. App. 3d 38 (1990) ................................................................1, 12

*US Ecology, Inc. v. California*,
    129 Cal. App. 4th 887 (2005) ................................................................12

**FEDERAL STATUTES**

FED. R. CIV. P. RULE 9(b) ........................................................... *passim*

FED. R. CIV. P. RULE 12(b)(6) .....................................................................2

**STATE STATUTES**

CAL. BUS. & PROF. CODE
    § 17200 ................................................................................10, 12

**MISCELLANEOUS**

CAL. HOMEOWNERS' BILL OF RIGHTS ..........................................................11

COMPTROLLER OF THE CURRENCY, CONSENT ORDER 27 (2011) ......................11

KYL_SF654457.v2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMORGAN CHASE BANK, N.A. ("Chase") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss ("Motion") the first, second, third, fourth, sixth and seventh causes of action alleged in the Complaint ("Complaint" or "Compl.") filed by Plaintiff DAN WISKIND ("Plaintiff") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

The Complaint arises out of an incoherent laundry-list of alleged conduct occurring between May 2013 and August 2014 relating to a $357,565.00 loan secured by real property located in Lake County, California. Despite the fact that six of Plaintiff's seven causes of action necessitate pleading with particularity,[1] Plaintiff's allegations (though numerous) are entirely devoid of the requisite specificity. In addition, many of Plaintiff's causes of action are infused with allegations that are patently irrelevant to the particular claim. The resulting *53-page* pleading utterly fails to provide Chase with any understanding of the facts underlying Plaintiff's claims and precludes Chase from mounting an effective defense. For these reasons, and other described below, Chase respectfully requests that the Court dismiss Plaintiff's first, second, third, fourth, sixth and seventh causes of action.

## II.   STATEMENT OF FACTS

The following are facts found in judicially-noticeable documents and alleged in the Complaint that, for the purposes of this Motion only, Chase accepts as true:

- The real property that forms the subject of this dispute is located at 3570 Benson Lane, Kelseyville, California 95451 ("Subject Property"). (Compl. ¶ 2).

- On August 8, 2005, Plaintiff and Margie Herman (as husband and wife and as joint tenants with rights of survivorship) executed a deed of trust ("DOT") encumbering the Subject Property and securing a loan ("Subject Loan") in the amount of $357,565.00. Plaintiff and Ms.

---

[1] Plaintiff's first, second, third, fourth and sixth causes of action are all fraud-based and must therefore comply with Rule 9(b). Plaintiff's seventh cause of action is a claim for promissory estoppel, which must be pleaded with specificity. *Smith v. San Francisco*, 225 Cal. App. 3d 38, 48 (1990).

KYL_SF654457.v2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

Herman were the borrowers under the DOT and Washington Mutual Bank, FA ("WaMu") was the lender. In agreeing to the DOT, Plaintiff and Ms. Herman acknowledged that the Subject Property would serve as their second home. (Chase's Request for Judicial Notice ("RJN") Exh. 1).

• On September 25, 2008, Chase acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to the Purchase and Assumption Agreement between the FDIC and Chase. (RJN Exh. 2).

• On September 13, 2012, a Corporate Assignment of Deed of Trust ("Assignment") was recorded with the Lake County Recorder. The Assignment memorialized the transfer of the DOT from the FDIC (acting as receiver) to Chase that occurred by operation of law on September 25, 2008. (RJN Exh. 3).

## III.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555). Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. This determination is context specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.

Fraud-based claims must comport with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) demands that when averments of fraud are made, the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."

- 2 -

*Id.*   Additionally, "[w]hen alleging a misrepresentation by a corporate defendant, a plaintiff's complaint must plead 'the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written.'" *Senah Inc. v. Xi'an Forstar S&T Co.*, 2014 U.S. Dist. LEXIS 91946, at *8 (N.D. Cal. July 3, 2014) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

## IV.   LEGAL ARGUMENT

### A.   PLAINTIFF'S CLAIM FOR "DECEIT—PROMISE MADE WITHOUT INTENT TO PERFORM" FAILS

Under California law, the elements of promissory fraud are: "(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise[e]." *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1498 (2013).  Additionally, "[a] cause of action for a false promise should plead facts to show the existence of two specific intentions of the promisor: an intention to cause the promisee to act by reason of the promise, and an intention at the time of the promise not to keep it." *Hills Transp. Co. v. Southwest Forest Industries, Inc.*, 266 Cal. App. 2d 702, 708 (1968).  "It is not enough to aver that the promisor by his promise intended to induce the promisee to act and that the latter did act in justifiable reliance on the promise." *Id.*  "In so differentiating a false promise from the great bulk of broken promises, the allegations necessary to show contemporaneous intention not to perform should be clear, specific, and unequivocal." *Id.*  Finally, claims for promissory fraud are subject to all of the same pleading requirements applicable to basic fraud claims, and must satisfy Rule 9(b) of the Federal Rules of Civil Procedure.  *See Rossberg*, 219 Cal. App. 4th at 1498; *Amc Tech. v. Cisco Sys.*, 2012 U.S. Dist. LEXIS 6487, at *9 (N.D. Cal. Jan. 20, 2012).

//

//

//

//

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1.   **Plaintiff's Claim Fails to Satisfy the Heightened Pleading Requirements for Fraud-Based Claims**

Much like Plaintiff's other fraud-based claims, his promissory fraud claim falls far short of satisfying the heightened pleading requirements listed above. Although the Complaint makes countless vague references to "promises" allegedly made by Chase, Plaintiff does ***not*** identify the specific promises on which his promissory fraud claim relies. Plaintiff does not supply the "the who, what, when, where, and how" of ***any*** alleged promise. *See Vess*, 317 F.3d at 1106. Moreover, although his claim is asserted against a corporation, Plaintiff does not plead "the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written." *See Senah*, 2014 U.S. Dist. LEXIS 91946, at *8. Additionally, Plaintiff does not plead ***specific facts*** evidencing that Chase intended to induce Plaintiff to act by reason of some supposed promise or that Chase intended not to keep some supposed promise at the time it was made, falling far short of the "clear, specific, and unequivocal" pleading standard espoused by *Hills*. *See Hills*, 266 Cal. App. 2d at 708. These pleading failures preclude Chase from having even the slightest understanding of the specific conduct underpinning Plaintiff's claim. Plaintiff compounds this confusion by injecting his claim with allegations of concealment, "dual-tracking," fraudulent assignment, destruction of the note, and lack of standing to foreclose, none of which have ***any*** discernable connection to Plaintiff's promissory fraud claim. (*See, e.g.*, Compl. ¶¶ 110, 118, 124, 130).

Other elements of his promissory fraud claim are also impermissibly under-pleaded. For example, Plaintiff asserts that in reliance on unspecified misrepresentations, he was induced to "(1) forego alternative financing options and (2) not move to find alternative manners in which to cure the default." (Compl. ¶ 113). He does not allege with any specificity the alternative options that were supposedly available to him, nor does he allege how his inaction was reasonable in light of Chase's supposed cancellation of a loan modification in November 2013. As such, Plaintiff has not sufficiently pleaded reasonable reliance. *See Burton v. Nationstar Mortg. LLC*, 2013 U.S. Dist. LEXIS 75467, at *37-38 (E.D. Cal. May 29, 2013). Additionally, Plaintiff has not pleaded resulting

KYL_SF654457.v2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1    damages with any specificity, opting instead to baldly state that he "has been damaged in an amount

2    according to proof." (Compl. ¶ 116).[2]

3            Given the incoherence of Plaintiff's promissory fraud claim and its failure to satisfy the

4    heightened pleading requirements provided by Rule 9(b), *Vess*, *Hill*, and other authority, the claim

5    should be dismissed.

### 2.    Plaintiff's Claim is not Exempt from the Heightened Pleading Requirements for Fraud-Based Claims

6
7
8            Plaintiff contends that in connection with this cause of action he should not be required

9    to meet the heightened pleading requirements for fraud-based claims, asserting that "[a]n exception to

10   the strict pleading standard for fraud is recognized when it appears the facts lie more within

11   Defendant's knowledge that [sic] Plaintiffs'." (Compl. ¶ 120).  While the Ninth Circuit has allowed

12   Rule 9(b) to be relaxed with respect to matters within the "***sole possession and control***" of the

13   opposing party, this exception does ***not*** nullify Rule 9(b) and a plaintiff who makes allegations on

14   information and belief must state the factual basis for the belief.  *See generally Neubronner v. Milken*,

15   6 F.3d 666, 672 (9th Cir. 1993).  Moreover, the exception does not apply here, where the allegedly

16   false promises that form the basis of the instant claim were necessarily made ***to Plaintiff*** (if at all).

17   *See Hatfield v. DaVita Healthcare Partners, Inc.*, 2014 U.S. Dist. LEXIS 73434, at *25 (N.D. Cal.

18   May 20, 2014).  In other words, in a claim premised upon promises allegedly made to Plaintiff,

19   Plaintiff "should be in a position to identify when and by whom the statements were made."  *See id.*

20   Since Plaintiff provides no reason to believe that the specific facts and circumstances relating to

21   promises allegedly made to him are exclusively within Chase's control, Plaintiff is not exempt from

22   the heightened pleading requirements for fraud-based claims.  Here, Plaintiff devotes dozens of pages

23   to a discussion of allegedly fraudulent behavior, but provides ***none*** of the specifics required by Rule

24   9(b), *Vess*, *Hill*, and other authority.  As such, his promissory fraud claim should be dismissed.[3]

25   [2] While Plaintiff also asserts that he was told "by several of Defendants' [sic] loan agents that they [sic] had to be in

26   default in order to qualify for any loan modification," and that "[t]his default has completely trashed Plaintiff's credit as well as put him into default."  However, these allegations do not describe promissory fraud and do not satisfy the heightened pleading requirements of fraud-based claims as referenced throughout this Motion.

27   [3] A decision from another district court in this Circuit seems particularly on-point, recognizing the difference between

28   ***lengthy*** allegations and ***specific*** allegations:

KYL_SF654457.v2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

**B.**     **PLAINTIFF'S CLAIM FOR "DECEIT—INTENTIONAL MISREPRESENTATION" FAILS**

The elements of fraud are:  "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage."  *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009).  Like any fraud claim, claims for intentional misrepresentation must satisfy Rule 9(b), must be accompanied by "the who, what, when, where, and how" of the misconduct charged, and when asserted against a corporate defendant must supply the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written.  *See* FED. R. CIV. P. 9(b); *Vess*, 317 F.3d at 1106; *Senah*, 2014 U.S. Dist. LEXIS 91946, at *8.

Here, once again, Plaintiff's claim is fatally vague.  Plaintiff references a laundry list of purported "misrepresentations" in paragraphs 134, 137, and 141, but fails to alleged "the who, what, when, where, and how" of ***any*** supposed statement or the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written.  As such, Plaintiff has not sufficiently pleaded an actionable misrepresentation.

The other elements of Plaintiff's intentional misrepresentation claim are pleaded in conclusory fashion.  Although Plaintiff avers that Chase knew that its supposed representations were false, that Chase intended to deceive him, and that he has suffered damages as a result of the representations, none of these averments are supported by specific allegations of fact.  (Compl. ¶¶ 135, 140).  Additionally, Plaintiff once again asserts that he relied on Chase's representations by forgoing "several alternatives to foreclosure," but does not describe these supposed alternatives with any

---

While it is true Plaintiffs have described Defendants' alleged fraudulent scheme at great length, Plaintiffs do so in very broad detail.  It is not enough.  Plaintiffs must allege specific statements made in specific places on specific dates, and to whom they were made to.  If Plaintiffs can manage to set forth the specific statements made, they must allege that each of the statements is false, that Plaintiffs relied upon it, and that Plaintiffs suffered damages.  Instead, Plaintiffs have described a general course of what they allege is bad conduct, and what they believe amounts to fraud, but have not articulated the factual basis for any of their beliefs.

*Whalen v. Bank of Am.*, *N.A.*, 2013 U.S. Dist. LEXIS 87798, at *24-25 (D. Id. May 28, 2013).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1    particularity.   (Compl. ¶ 136).   *See Burton*, 2013 U.S. Dist. LEXIS 75467, at *37-38.   *See also*

2    *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, at *12 (S.D. Cal. Mar. 2, 2010)

3    ("Plaintiff asserts that but for Wells Fargo's agent's deception, Plaintiff would have taken legal action

4    'to forestall the sale of her home,' however, she does not allege facts that support a cognizable theory

5    upon which she would have succeeded in preventing the trustee's sale.").

6            Since Plaintiff does not allege any of the elements of an intentional misrepresentation

7    claim with specificity, this claim should be dismissed.

8        **C.    PLAINTIFF'S CLAIM FOR "FRAUD AND DECEIT—SUPPRESSION OF**
             **MATERIAL FACTS" FAILS**

9

10           A claim of fraudulent concealment has five elements: (1) defendant must have

11   concealed or suppressed a material fact; (2) defendant must have been under a duty to disclose the fact

12   to the plaintiff; (3) defendant must have intentionally concealed or suppressed the fact intending to

13   defraud plaintiff; (4) plaintiff must have been unaware of the fact and would not have acted as he did

14   if he had known of the concealed or suppressed fact; and (5) plaintiff must have sustained damage as a

15   result of the concealment or suppression of the fact.   *Lawrence v. Sadek,* 2013 U.S. Dist. LEXIS

16   153074, at *10-11 (C.D. Cal. Oct. 21, 2013).   The pleading standards of Rule 9(b) of the Federal

17   Rules of Civil Procedure apply to claims of fraudulent concealment.   *See id.* at *11.

18           **1.    Plaintiff Has Not Alleged Facts Showing a Duty to Disclose**

19           Plaintiff's fraudulent concealment claim is deficient because Plaintiff has not alleged

20   facts demonstrating that Chase owed a duty to disclose.   "There are four circumstances in which

21   nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary

22   relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not

23   known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and

24   (4) when the defendant makes partial representations but also suppresses some material facts."   *Porter*

25   *v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 64038, at *10-11 (E.D. Cal. May 7, 2014).

26           Here, Plaintiff argues that Chase somehow owed Plaintiff a fiduciary duty because

27   Chase allegedly considered Plaintiff for a loan modification under the Home Affordable Modification

28   Program ("HAMP").   (Compl. ¶¶ 21, 41-43).   However, "the weight of authority is against finding a

                                        - 7 -                              KYL_SF654457.v2

1  fiduciary relationship or duty of care between [lenders and borrowers]." *Lyons v. Bank of Am., NA*,

2  2011 U.S. Dist. LEXIS 90499, at *20 (N.D. Cal. Aug. 15, 2011).  Additionally, courts have expressly

3  rejected the argument that a lender's participation in HAMP creates a fiduciary duty between the

4  lender and a borrower.  *See id.*  Relying on *Smith v. Home Loan Funding, Inc.*, Plaintiff contends that

5  Chase acted as a "broker" by considering him for a HAMP modification and that Chase therefore

6  owed him a fiduciary duty.  (Compl. ¶ 43).  *Smith v. Home Loan Funding, Inc.*, however, did not

7  involve a loan modification process.  *See Smith v. Home Loan Funding, Inc.*, 192 Cal. App. 4th 1331

8  (2011).  Indeed, the *Smith v. Home Loan Funding, Inc.* court acknowledged that a mortgage lender

9  does *not* owe a borrower a fiduciary duty, and it is well-settled that modifying loans is a traditional

10 money-lending activity.  *Id.* at 1332; *Reiydelle v. J.P. Morgan Chase Bank, N.A.*, 2014 U.S. Dist.

11 LEXIS 69872, at *31 (N.D. Cal. May 20, 2014).  Thus, Chase's alleged consideration of Plaintiff for a

12 HAMP modification does not create a fiduciary duty.

13      Plaintiff also asserts that a "confidential relationship" arose between himself and Chase

14 when Chase allegedly considered Plaintiff for a loan modification, thereby creating a fiduciary duty.

15 (Compl. ¶ 44-49).  However, courts hold that banks acting as conventional lenders do *not* occupy

16 "confidential relationships" with borrowers, and as mentioned above, modifying loans is a traditional

17 money-lending activity.  *See Lugo v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 35504, at *13 (E.D.

18 Cal. Mar. 15, 2012) (rejecting the idea that conventional lenders occupy confidential relationships).

19 Thus, Chase did not owe Plaintiff a fiduciary duty arising out of a "confidential relationship."

20      To the extent Plaintiff's claim is based upon the alleged concealments listed in

21 paragraph 24 of the Complaint, Plaintiff cannot assert that Chase owed a duty to disclose.  The

22 allegations in paragraph 24 can be summarized as follows: Chase fraudulently concealed facts

23 pertaining to its purported tortious scheme.  (Compl. ¶ 24).  There is no independent duty to disclose

24 an intent to commit a tort, however, and so these allegations cannot serve as the basis for a fraudulent

25 concealment claim.  *See Groth-Hill Land Company, LLC v. GM LLC*, 2013 U.S. Dist. LEXIS 103039,

26 at *24 (N.D. Cal. July 23, 2013).

27      Finally, to the extent Plaintiff argues that a duty to disclose was owed for reasons other

28 than the existence of a fiduciary relationship, the facts underlying those reasons are not pleaded with

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1    any specificity and do not satisfy Rule 9(b).

2              Since Plaintiff has not sufficiently pleaded a duty to disclose, his fraudulent

3    concealment claim should be dismissed.

4              **2.     Plaintiff Does Not Allege the Remaining Elements of a Fraudulent**
                       **Concealment Claim with the Necessary Specificity**
5

6              Plaintiff's fraudulent concealment claim should also be dismissed because he does not

7    plead other elements of the cause of action with sufficient particularity.  Although Plaintiff provides a

8    laundry-list of vague facts that were supposedly "suppressed," Plaintiff does not allege facts showing:

9    (a) that the concealments were material; (b) how he would have acted if he had known the concealed

10   facts; or (c) how he sustained damage as a result of the concealed facts.  Once again, Plaintiff's fraud-

11   based allegations are impermissibly broad and vague, and provide Chase with ***no*** notice of the

12   particular misconduct allowing it to defend against the charge.  *Vess*, 317 F.3d at 1106.  As such,

13   Plaintiff's claim does not satisfy Rule 9(b) and should be dismissed.

14         **D.     PLAINTIFF'S CLAIM FOR "FRAUD AND DECEIT—NEGLIGENT**
                   **MISREPRESENTATION" FAILS**
15

16             Under California law, a negligent misrepresentation claim is comprised of the same

17   elements as a claim for fraud: (1) the misrepresentation of a past or existing material fact; (2) without

18   reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the fact

19   misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage.  *Fevinger*

20   *v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 45648, at *12 (N.D. Cal. Mar. 31, 2014).  "The only

21   difference is that a negligent misrepresentation claim does not require knowledge of falsity."  *Id.* at

22   *12-13.  Additionally, to state a claim for negligent misrepresentation, the plaintiff must also show

23   that the defendant owed the injured party a duty of care.  *Id.* at *13.  Like any fraud-based claim, a

24   negligent misrepresentation claim must satisfy Rule 9(b).  *See Fuapau v. Cent. Mortg. Co.*, 2014 U.S.

     Dist. LEXIS 103127, at *13-14 (N.D. Cal. July 28, 2014).

25             Once again, Plaintiff's fraud-based claim is not pleaded with the requisite specificity.

26   Plaintiff's claim fails to: (a) identify any particular misrepresentations; (b) state the intent behind any

27   particular misrepresentations; (c) allege how Plaintiff relied on any particular misrepresentations; or

28   (d) allege how any particular misrepresentations resulted in damage.  Moreover, Plaintiff again

                                                     - 9 -                            KYL_SF654457.v2

neglects to set forth "the who, what, when, where, and how" of the misconduct charged or "the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written." *Vess*, 317 F.3d at 1106; *Senah*, 2014 U.S. Dist. LEXIS 91946, at *8. Instead, Plaintiff's claim is replete with conclusory allegations, which are insufficient to plead fraud-based causes of action. *See Fuapau*, 2014 U.S. Dist. LEXIS 103127, at *13.

Accordingly, Plaintiff's negligent misrepresentation claim should be dismissed.

### E. PLAINTIFF'S CLAIM FOR "VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ." FAILS

Plaintiff argues that Chase's alleged misconduct constituted unlawful business practices in violation of California Business and Professions Code section 17200 *et seq.*, also known as California's unfair competition law ("UCL"). *See* CAL. BUS. & PROF. CODE § 17200 *et seq. See also Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006). For the reasons that follow, Plaintiff has not stated a valid claim under the UCL.

### 1. Plaintiff Has Not Alleged a Factual Basis for His Claim

The UCL outlaws as unfair competition "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. The statute is framed in the disjunctive, and a plaintiff must therefore sufficiently plead that a defendant engaged in either (a) unlawful, (b) unfair, or (c) fraudulent business practices. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1253 (2009). Here, Plaintiff's claim is premised upon supposedly fraudulent business practices and Chase's purported engagement in "dual-tracking." (Compl. ¶¶ 167-182).

Insofar as Plaintiff's claim is based upon allegedly fraudulent business practices, it is insufficiently pleaded. To state a claim for "fraudulent" business practices, a plaintiff must make a showing that the alleged practice is likely to deceive members of the public. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006). Courts use the "reasonable consumer" test, whereby a plaintiff must demonstrate that reasonable consumers will likely be deceived to determine if a business practice is likely to deceive the public. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1017, 1025 (9th Cir. 2008).  Rule 9(b)'s particularity requirement applies to claims under the UCL. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Here, the flaws of Plaintiff's claim mirrors those of his other fraud-based claims. Plaintiff once again neglects to set forth "the who, what, when, where, and how" of the misconduct charged or "the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written." *Vess*, 317 F.3d at 1106; *Senah*, 2014 U.S. Dist. LEXIS 91946, at *8.  Additionally, Plaintiff does not allege any facts tending to show that Chase's conduct was likely to deceive members of the public.  Indeed, Plaintiff provides no explanation as to how private interactions between Chase and Plaintiff could possibly deceive the public. *See Welte v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 180466, at *25-26 (C.D. Cal. Dec. 18, 2013) ("Plaintiff needs to allege particular allegations as to what the affirmative statements and material nondisclosures were and how they are likely to deceive the public."). *Cf. Travelers Prop. Cas. Co. of Am. V. Centex Homes*, 2013 U.S. Dist. LEXIS 76308, at *18 (N.D. Cal. May 30, 2013) ("Travelers fails to explain how the fraudulent practices alleged here, which relate to a single private commercial insurance transaction, could possibly mislead the public.").

To the extent Plaintiff premises his claim upon the allegation that Chase engaged in "misleading" dual-tracking activities, it is similarly defective.  Again, the claim fails to satisfy the requirements of Rule 9(b).  Moreover, Plaintiff does not plead facts establishing that Chase engaged in dual-tracking.  Plaintiff vaguely asserts that a "dual-tracking approach" was outlawed in a consent order issued by the "Controller [sic] of the Currency," but does not specifically identify the consent order, the actual obligations owed under that order, or how Chase breached those supposed obligations.[4]  (Compl. ¶ 28).  Plaintiff also makes a vague reference to California's Homeowner's Bill of Rights, but again fails to identify a provision of that statutory scheme and describe how it was

---

[4] To the extent Plaintiff is relying on the Consent Order issued by the Comptroller of the Currency on April 13, 2011, that Consent Order specifically declined to give borrowers legal claims, rights or remedies.  COMPTROLLER OF THE CURRENCY, CONSENT ORDER 27 (2011), *available at* http://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-47e.pdf ("Nothing in the Stipulation and Consent or this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under the Stipulation and Consent or this Order.").  *See also Tidwell v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 145822, at *28 (N.D. Cal. Oct. 8, 2013).

KYL_SF654457.v2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

1    violated.  (Compl. ¶ 110).

2         Since Plaintiff has failed to provide any factual basis for his claim under the UCL, it

3    should be dismissed.

4         **2.    <u>Plaintiff Does Not Have Standing to Assert this Claim</u>**

5         Standing to bring a claim for violation of section 17200 is limited to specified public

6    officials and to private persons who have suffered injury in fact and lost money or property as a result

7    of the unfair business practices.  *See Californians for Disability Rights*, 39 Cal. 4th at 228.  To satisfy

8    the standing requirements, a party must (1) establish an economic injury and (2) show that that

9    economic injury was ***caused*** by the unfair business practice.  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th

10   310, 322 (2011).  Here, Plaintiff provides a laundry-list of purported injuries suffered as a result of

11   Chase's supposed conduct, but he does not describe the injuries or their causal links with ***any***

12   particularity.  These meager allegations fail to satisfy the heightened pleading requirements for fraud-

13   based claims.  Accordingly, Plaintiff's claim should be dismissed.

14        **F.    <u>PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL FAILS</u>**

15        To state a claim for promissory estoppel, a plaintiff must allege (1) a promise that is

16   clear and unambiguous in its terms; (2) the plaintiff's reliance on that promise; (3) that the plaintiff's

17   reliance was reasonable and foreseeable; and (4) damages resulting from the reliance.  *US Ecology,*

18   *Inc. v. California*, 129 Cal. App. 4th 887, 901-02 (2005).  "A party claiming estoppel must specifically

19   plead all facts relied on to establish its elements."  *Smith v. San Francisco*, 225 Cal. App. 3d 38, 48

20   (1990).

21        Plaintiff's claim fails because Plaintiff has not alleged a promise that is clear and

22   unambiguous in its terms.  A promise must be definite enough that a court can determine the scope of

23   the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the

24   assessment of damages.  *Shorter v. Peaches Uniforms, Inc.*, 2013 U.S. Dist. LEXIS 9228, at *18 (E.D.

25   Cal. Jan. 23, 2013).  A promise that is vague, general or of indeterminate application is not

26   enforceable under the doctrine of promissory estoppel.  *Id.*  Here, Plaintiff alleges that:

27        190. Defendants [sic] made, on numerous occasions, clear and
          unambiguous promises to Plaintiff to work on modifying his loan, and to
28        provide "hardship" assistance" to Plaintiff, to help him "stay in his

- 12 -                                    KYL_SF654457.v2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC

home".

> 191. Defendants [sic] made promises to process Plaintiff's loan modification application properly and diligently.  Promises were also made by Defendant's agents that Defendants would not foreclose on Plaintiff's home while the modification application(s) were pending.

(Compl. ¶¶ 190-191).   These allegations hardly meet the heightened pleading requirements for promissory estoppel claims and fall far short of describing clear and unambiguous promises.  None of these allegations are definite or detailed enough to allow a court to determine the scope of the duty, and consequently none of these allegations can form the basis of a promissory estoppel claim.

Plaintiff also fails to allege detrimental reliance with the requisite specificity.  He merely states that "[a]s a result of Defendant's promises, Plaintiff did not take other action to prevent his home loan from going into default…."  (Compl. ¶ 193).  However, as explained above, Plaintiff has not alleged any facts demonstrating how he would have avoided default, a flaw fatal to Plaintiff's claim.  *See Thu Ha Nong v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136464, at *8-9 (C.D. Cal. Dec. 6, 2010) ("Nong's allegation of reliance itself is insufficiently plead.  Nong alleges that she relied on Wachovia's statements 'by not pursuing other strategies' to avoid foreclosure.  However, where a plaintiff does not 'allege facts that could establish that [she] would have been successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of her home,' dismissal is proper because the Complaint lacks 'a connection between her reliance on the alleged promise and losing her home to sustain her claim for estoppel.'").

Finally, Plaintiff does not sufficiently allege resulting damages.  He merely alleges that he faces the potential future foreclosure of his home.  (Compl. ¶ 195).  He does not allege with specificity, however, the existence of any damages ***actually sustained*** as a result of Chase's purported conduct.

For all of the foregoing reasons, Plaintiff's promissory estoppel claim should be dismissed.

//

//

//

KYL_SF654457.v2

1   **V.      CONCLUSION**

2            For the reasons set forth above, Chase respectfully submits that the Court should

3   dismiss Plaintiff's first, second, third, fourth, sixth and seventh causes of action.  Should this Court

4   grant Plaintiff leave to amend, Chase respectfully requests that the Court demand that any amended

5   complaint be concise and free of duplicative or conclusory allegations.

6

7

8   DATED:  September 25, 2014                    /s/ Ian Ross

9                                                 PHILIP A. MCLEOD
                                                  IAN ROSS
10                                                KEESAL, YOUNG & LOGAN
                                                  Attorneys for Defendant
11                                                JP MORGAN CHASE BANK, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS - Case No. 3:14-cv-04223-NC