United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN WISKIND,<br><br>                    Plaintiff,<br><br>          v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No.   14-cv-04223-NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Before the Court is defendant JPMorgan's motion to dismiss plaintiff Dan Wiskind's amended complaint. Because Wiskind's complaint fails to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure, the Court grants JPMorgan's motion to dismiss.

## I.  BACKGROUND

Plaintiff Dan Wiskind purchased a property located in Kelseyville, California, and obtained a mortgage for $357,565 from JPMorgan's predecessor in interest, Washington Mutual Bank. Dkt. No. 23 at ¶ 19. The Court will address additional facts as necessary in the remainder of this order.

This Court has jurisdiction under 28 U.S.C. § 636(c), as all parties have consented to proceeding before a magistrate judge. Dkt. Nos. 15, 33.

## II. ANALYSIS

### A.  Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the

Case No.   14-cv-04223-NC

United States District Court
Northern District of California

1    light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

2    38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are

3    merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re*

4    *Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need

5    not allege detailed factual allegations, it must contain sufficient factual matter, accepted as

6    true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

7    550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw

8    the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

9    *v. Iqbal*, 556 U.S. 662, 678 (2009).

10        If a court grants a motion to dismiss, leave to amend should be granted unless the

11    pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203

12    F.3d 1122, 1127 (9th Cir. 2000).

13    **B.  Motion to Dismiss**

14        A Court may dismiss a complaint that fails to comply with Rule 8 of the Federal

15    Rules of Civil Procedure.  Fed. R. Civ. P. 41(b).  Under Rule 8, a pleading stating a claim

16    for relief must include "a short and plain statement of the claim showing the pleader is

17    entitled to relief."  Fed. R. Civ. P. 8(a).  The purpose of the complaint is to give the

18    defendant fair notice of the claims against him and the grounds upon which the complaint

19    stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  A complaint must state

20    the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty.*

21    *Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  And while "Rule 8 does not

22    require detailed factual allegations," it "demands more than an unadorned, the-defendant-

23    unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and

24    citations omitted).

25        This rule requires that each allegation be "simple, concise, and direct."  Fed. R. Civ.

26    P. 8(d)(1).  Thus, where a complaint's allegations are "argumentative, prolix, replete with

27    redundancy and largely irrelevant," a court may dismiss the complaint for failure to

28    comply with Rule 8.  *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *see also*

Case No.  14-cv-04223-NC                    2

United States District Court
Northern District of California

1  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming

2  dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'").

3  "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity,

4  conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform

5  the essential functions of a complaint," and "impose[s] unfair burdens on litigants and

6  judges." *McHenry*, 84 F.3d at 1179-80.

7          Significantly, the "propriety of dismissal for failure to comply with Rule 8 does not

8  depend on whether the complaint is wholly without merit." *Id.* at 1179.  Accordingly,

9  "even if the factual elements of the cause of action are present, but are scattered throughout

10  the complaint and are not organized into a 'short and plain statement of the claim,'

11  dismissal for failure to satisfy Rule 8 is proper." *Lyshorn v. J.P.Morgan Chase Bank,*

12  *N.A.*, No. 12-cv-05490 JSW, 2013 U.S. Dist. LEXIS 29099, at *5 (N.D. Cal. Mar. 4, 2013)

13  (quoting *McHenry*, 84 F.3d at 1178).

14          Here, Wiskind's complaint fails to comply with Rule 8.  The complaint is

15  unreasonably lengthy and infused with extraneous statements.  For instance, the complaint

16  includes irrelevant allegations concerning the banking industry generally, and the impact

17  the foreclosure crisis had on the U.S. economy.  *See*, *e.g.*, Dkt. No. 23 at ¶¶10-18 (citing

18  and quoting *New York Times* and *Los Angeles Times* articles discussing the unemployment

19  rate and Attorney General Kamala Harris' Mortgage Fraud Strike Force).  As another

20  example, early on in the complaint, Wiskind states "there is a unity between and among all

21  Defendants, and each acts as the alter ego of the other." *Id.* at ¶ 6.  Yet it is unclear which

22  defendants Wiskind is referring to and what role an alter ego theory plays in this lawsuit, if

23  any.  At one point, Wiskind also discusses the "policy considerations" underscoring the

24  country's "desperate need" for the "creation and imposition of strict 'financial product'

25  liability against Defendants," and declares that the "Defendants and other Big Banks over

26  the last third of a century have destroyed the U.S. economy and countless American lives."

27  *Id.* at ¶ 101.  While such vitriol and policy proposals may be appropriate in the op-ed pages

28  of the newspapers Wiskind cites to, they add nothing to a complaint before this Court.

Case No.  14-cv-04223-NC                    3

1    Additionally, Wiskind's legal theories are unclear, and lack sufficient factual

2    allegations.  For instance, Wiskind alleges that JPMorgan engaged in "predatory lending

3    practices" when it "ignored traditional lending guidelines in providing Plaintiff's loan,

4    despite full knowledge that housing prices were inflated above real value and Defendants

5    intended to sell-off loans that had been made to borrowers with substandard credit by

6    bundling the substandard loans with creditworthy borrower loans so the entire bundle

7    could be characterized as 'high-quality' (prime) home mortgages."  *Id.* at ¶ 91.  Wiskind

8    does not offer sufficient factual matter to support this allegation and fails to identify the

9    statute or common law doctrine that could serve as the basis for relief.

10    To the extent Wiskind seeks to hold JPMorgan liable for fraud, Wiskind fails to

11    plead fraud with particularity under Rule 9(b).

12    To plead fraud or mistake under Rule 9(b), "a party must state with particularity the

13    circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "The plaintiff must set

14    forth what is false or misleading about a statement, and why it is false."  *Vess v. Ciba-*

15    *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re GlenFed, Inc. Secs.*

16    *Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *see Moore v. Kayport Package Express, Inc.*,

17    885 F.2d 531, 540 (9th Cir. 1989) (holding that "[m]ere conclusory allegations of fraud are

18    insufficient.").  "The complaint must specify such facts as the times, dates, places, benefits

19    received, and other details of the alleged fraudulent activity."  *Neubronner v. Milken*, 6

20    F.3d 666, 672 (9th Cir. 1993) (citations omitted).

21    Put differently, "a pleading must identify the who, what, when, where, and how of

22    the misconduct charged, as well as what is false or misleading about [the purportedly

23    fraudulent] statement, and why it is false."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.,*

24    *Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted,

25    brackets in original).

26    Here, Wiskind's claims fail to identify the "who, what, when, where, and how" of

27    the false or misleading statements he alleges JPMorgan made.  For instance, in describing

28    the second cause of action for "Deceit-Intentional Misrepresentation," Wiskind states that

United States District Court
Northern District of California

Case No.  14-cv-04223-NC                    4

United States District Court
Northern District of California

1   "Defendants have suppressed information regarding the terms of the loan, in violation of

2   state regulations." *Id.* at ¶ 134.  The complaint continues, "When Defendants Chase and

3   their agents, employees, or representatives and predecessors in interest made these

4   representations, they knew them to be false." *Id.* at ¶ 135.  Wiskind fails to identify—

5   simply and concisely—what information was suppressed, what representations were made,

6   and what state regulations were violated.  To the extent he alleges that JPMorgan misled

7   him, Wiskind must provide more context, such as who communicated the fraudulent

8   statement (e.g., a banker, a customer service representative), when, and what the statement

9   consisted of.

## III.   CONCLUSION

11      For the foregoing reasons, the court GRANTS JPMorgan's motion to dismiss

12  Wiskind's complaint for failure to comply with Rule 8.  While the Court will provide

13  Wiskind leave to amend, the Court cautions Wiskind that any amended complaint must

14  comply with this order—it must clearly and simply allege the facts in support of Wiskind's

15  claims.  To the extent Wiskind premises his allegations on purported fraud or

16  misrepresentations, Wiskind must provide context, and clearly allege what statements were

17  made to him by whom and when.

18      Wiskind must file an amended complaint within 14 days.  If Wiskind fails to file an

19  amended complaint by February 12, 2015, or if he files an amended complaint that fails to

20  comply with Rule 8, and with Rule 9 to the extent his complaint is premised on fraud, this

21  action will be dismissed with prejudice under Rule 41(b).

22      Finally, the Court denies JPMorgan's request for judicial notice; the Court did not

23  rely on any of the documents in JPMorgan's request.

24      **IT IS SO ORDERED**.

25  Dated:  January 29, 2015

26  _____

27  NATHANAEL M. COUSINS
    United States Magistrate Judge

28

Case No.  14-cv-04223-NC                         5