1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN WISKIND,

          Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A.,

          Defendant.

Case No. 14-cv-04223 NC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 43

Before the Court is defendant JPMorgan's motion to dismiss plaintiff Dan Wiskind's Second Amended Complaint.  In this Court's prior order dismissing Wiskind's First Amended Complaint, it stated, "To the extent Wiskind premises his allegations on purported fraud or misrepresentations, Wiskind must provide context, and clearly allege what statements were made to him by whom and when."  Dkt. No. 39 at 1.  In this Second Amended Complaint, because Wiskind still fails to allege facts with particularity as to his fraud-based claims, the Court DISMISSES with prejudice his claims for "Deceit – Promise Made Without Intent to Perform"; "Deceit – Intentional Misrepresentation"; "Fraud and Deceit – Suppression of Material Facts"; and "Fraud and Deceit – Negligent Misrepresentation."  Additionally, because Wiskind's claim under California Business and Professions Code § 17200 is also based on JPMorgan's alleged fraudulent practices, the Court DISMISSES that claim as well with prejudice.

Case No.: 14-cv-04223 NC

Wiskind also brings claims against JPMorgan based on negligence, promissory estoppel, breach of contract, and breach of the implied covenant of good faith and fair dealing. The Court DISMISSES these claims because Wiskind fails to allege sufficient facts. Yet because the deficiencies as to these remaining four claims can be cured, the Court gives Wiskind leave to amend.

## I.   BACKGROUND

Plaintiff Dan Wiskind alleges that he purchased a property located in Kelseyville, California, and obtained a mortgage for $357,565 from JPMorgan's predecessor in interest, Washington Mutual Bank. Dkt. No. 40 at ¶ 6. In May 2013, Wiskind sought a loan modification from JP Morgan. *Id.* at ¶ 7. Wiskind alleges he was told he would be approved for a loan modification. *Id.* In June 2013, Wiskind alleges JPMorgan offered him a "trial modification" and that under that "trial," Wiskind made three consecutive mortgage payments to JPMorgan. *Id.*

In September 2013, Wiskind states he was offered a "'permanent' HAMP modification," which he alleges was a contract that he accepted, signed and notarized. *Id.* at ¶ 8. Despite this "HAMP modification contract," Wiskind alleges he was "subjected to frequent and onerous requests to provide voluminous and duplicative information and supporting documentation," including "new loan modification application packages containing the exact same information he had previously submitted." *Id.* According to Wiskind, this process of resubmitting the same documents and answering the same questions took place over a six-month period. *Id.* at ¶ 9. Wiskind alleges he was told this process would eventually lead to a loan modification. *Id.*

Wiskind alleges that in December 2013, JPMorgan "Customer Assistance Specialist" James Cohen sent Wiskind correspondence informing him that he was ineligible for modification under HAMP. *Id.* According to Wiskind, the "HAMP contract" he entered into with JPMorgan had been "inexplicably cancelled"—JPMorgan had reneged its own final, permanent loan modification offer. *Id.*

Wiskind alleges that in July 2014, he received written notification that JPMorgan

United States District Court
Northern District of California

had initiated the foreclosure process.  *Id.*  According to Wiskind, while JPMorgan continued to make him submit documentation, JPMorgan secretly worked to seize Wiskind's home through a "surprise foreclosure" accomplished through a "dual-tracking scheme."  *Id.* at ¶ 12 (internal quotation marks omitted).  In August 2014, Wiskind alleges that JPMorgan recorded a Notice of Trustee Sale on his property and threatened foreclosure unless Wiskind paid JPMorgan $357,479.58, the alleged amount owed.  *Id.* at ¶ 14.

Wiskind subsequently sued JPMorgan and secured a temporary restraining order in state court, which prohibited the foreclosure of his home.  Id; Dkt. No. 1-1 at 76-77.  Shortly thereafter, JPMorgan removed the case to this Court.  Dkt. No. 1.  Once in federal court, Wiskind amended his complaint.  Dkt. No. 23.  The Court dismissed Wiskind's First Amended Complaint with leave to amend.  Dkt. No. 39.  This Court found Wiskind's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure; instead of providing "simple, concise, and direct" allegations, the complaint was "unreasonably lengthy and infused with extraneous statements."  *Id.* at 3.  The Court also found that the First Amended Complaint failed to satisfy Rule 9(b): Wiskind's claims failed to identify the "who, what, when, where, and how" of the false or misleading statements that Wiskind alleged JPMorgan made.  *Id.* at 4.

Wiskind subsequently filed a Seconded Amended Complaint.  Dkt. No. 40.  JPMorgan moves to dismiss this complaint with prejudice.

This Court has jurisdiction under 28 U.S.C. § 636(c), as all parties have consented to proceeding before a magistrate judge.  Dkt. Nos. 15, 33.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

Wiskind alleges nine causes of action. The first four involve fraud-based claims: (1) "Deceit – Promise Made Without Intent to Perform"; (2) "Deceit – Intentional Misrepresentation"; (3) "Fraud and Deceit – Suppression of Material Facts"; and (4) "Fraud and Deceit – Negligent Misrepresentation." Wiskind also brings claims for (5) negligence, (6) violation of the California Business and Professions Code § 17200, and (7) promissory estoppel. Finally, Wiskind alleges two contract-based claims: (8) breach of contract; and (9) breach of the implied covenant of good faith and fair dealing.

### A.     Wiskind's Fraud-Based Claims (Claims 1-4)

To plead fraud or mistake under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (holding that "[m]ere conclusory allegations of fraud are insufficient."). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted).

United States District Court
Northern District of California

Put another way, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted, brackets in original).

Here, all four of Wiskind's fraud-based claims fail to identify the "who, what, when, where, and how" of the false or misleading statements he alleges JPMorgan made. For instance, in describing the second cause of action for "Deceit – Intentional Misrepresentation," Wiskind states that that he relied on the statement of Chase representatives "that no foreclosure proceedings would be initiated during the loan modification process and that there would be foreclosure recordation costs and attorney's fees included in the arrearages." *Id.* at ¶ 64. Wiskind alleges that these statements were made by Chase representatives "including but not limited to Chase representative James Cohen via both written correspondence during the period of June 2013 through December 2013, as well as telephone communications during that same time period with Mr. Cohen and other agents." *Id.* Wiskind fails to allege which agent he spoke to on what day concerning what particular misrepresentation.

To be sure, Wiskind uses the catch-all phrase "including but not limited to Chase representative James Cohen" repeatedly in the complaint and frequently references the six-month period of time when various agents allegedly made misrepresentations to him. *See, e.g., id.* at ¶ 11 (describing "Chase loan modification agents, including but not limited to various self-identified 'Customer Assistance Specialists,' including the aforementioned Chase representative James Cohen"), ¶ 67 (identifying "James Cohen, among other Chase managers and representatives"), ¶ 76 (same). But other than JPMorgan agent James Cohen and the letter Cohen sent on December 11, 2013, Wiskind fails to identify the names of the JPMorgan representatives he spoke with during "countless telephone conservations" during May 2013 through December 2013, *id.* at ¶ 44, the dates of the conservation, and what that representative said. *But see Ward v. Wells Fargo Home Mortg., Inc.*, No. 14-cv-

1   00565 NC, at 17 (N.D. Cal. Apr. 13, 2015) (finding plaintiff in mortgage foreclosure case

2   satisfied Rule 9(b) when she identified the particular agents she spoke with, the dates, and

3   the alleged misrepresentations the agents made).

4        Accordingly, because Wiskind's four fraud-based claims in his Second Amended

5   Complaint fail to satisfy Rule 9(b)'s pleading standard, the Court GRANTS JPMorgan's

6   motion to dismiss as to these claims with prejudice.

7   **B.    Negligence (Claim 5)**

8        Under California law, "The elements of a cause of action for negligence are (1) a

9   legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause

10  between the breach and (4) the plaintiff's injury." *Saldate v. Wilshire Credit Corp.*, 686

11  F. Supp. 2d 1051, 1062 (E.D. Cal. 2010) (quoting *Mendoza v. City of Los Angeles*, 66

12  Cal.App.4th 1333, 1339 (1998)). "The threshold element of a cause of action for

13  negligence is the existence of a duty to use due care." *Paz v. State of Cal.*, 22 Cal.4th 550,

14  559 (2000) (internal citation omitted).

15       As a general rule, under California law, "a financial institution owes no duty of care

16  to a borrower when the institution's involvement in the loan transaction does not exceed

17  the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed.*

18  *Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991) (citation omitted). The test

19  for determining whether a financial institution exceeded its role as money lender and thus

20  owes a duty of care to a borrower-client involves "the balancing of various factors, among

21  which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the

22  foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury,

23  (4) the closeness of the connection between the defendant's conduct and the injury

24  suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of

25  preventing future harm." *Id.* at 1098.

26       Wiskind contends that JPMorgan owed him a fiduciary duty of care and a duty to

27  disclose information to him regarding the loan modification process. California courts are

28  squarely divided on this issue of "when lenders owe a duty of care to borrowers in the

1   context of the submission of and negotiations related to loan modification applications and

2   foreclosure proceedings." *See Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. 13-cv-

3   05881 LB, 2014 U.S. Dist. LEXIS 27516, 2014 WL 890016, at *17 (N.D. Cal. Mar. 3,

4   2014) (gathering cases).  But several cases in our District have recently found that a lender

5   may have a special duty of care when engaging in the loan modification process.  *See id.*

6   ("While a lender may not have a duty to modify the loan of any borrower who applies for a

7   loan modification, a lender surely has a duty to submit a borrower's loan modification

8   application once the lender has told the borrower that it will submit it[.]"); *Faulks v. Wells

9   Fargo & Co.*, No. 13-cv-02871 MEJ, 2014 U.S. Dist. LEXIS 65808, 2014 WL 1922185, at

10   *8 (N.D. Cal. May 13, 2014) ("the Court is inclined to find that Wells Fargo owed Plaintiff

11   a duty of care in processing his loan modification application"); *Rowland v. JP Morgan

12   Chase Bank, N.A.*, No. 14-cv-0036 LB, 2014 U.S. Dist. LEXIS 32284, 2014 WL 992005,

13   at *9 (N.D. Cal. Mar. 12, 2014) (same).

14        Here, the Court need not reach the duty-of-care issue because Wiskind's negligence

15   claim is inadequately pled.  Wiskind alleges that JPMorgan offered him a loan

16   modification and represented to Wiskind that it would help him "save his home" through

17   this loan modification.  Dkt. No. 40 ¶ 81.  Wiskind alleges that despite his accepting

18   JPMorgan's offer, JPMorgan breached its duty of care to Wiskind by "attempt[ing] to

19   renege on the 'permanent' loan modification contract."  Dkt. No. 40 ¶ 79.  Wiskind also

20   alleges that JPMorgan breached its duty by "mishandl[ing] plaintiff's loan modification

21   application numerous times."  *Id.* at ¶ 85.  Additionally, because the loan was

22   "securitized," Wiskind allege "he may have been paying the mortgage to the wrong

23   entity."  *Id.* at ¶¶ 84-85.  As a result, Wiskind contends he "suffered general and specific

24   damages"; this includes losing the benefit of the loan modification and having his home

25   exposed to foreclosure.  *Id.* at ¶ 79, 83.  Wiskind also alleges he experienced severe

26   emotional distress.  *Id.* at ¶ 83.  It is unclear from this what damages Wiskind specifically

27   seeks; no trustee's sale took place and he continues to possess the property.  *Id.* at ¶ 9.

28        And while Wiskind does allege that he made three payments under a "trial

United States District Court
Northern District of California

1  modification" from June through August 2013, he does not allege facts concerning the

2  mortgage payments he made from September through December 2013 under the loan

3  modification agreement.  Specifically, Wiskind fails to describe whether those mortgage

4  payments under the alleged permanent loan modification agreement exceeded the

5  payments owed to JPMorgan under the original 2005 loan.  Wiskind also fails to allege

6  sufficient facts describing how JPMorgan "mishandled plaintiff's loan modification

7  application numerous times" and how Wiskind's mortgage payments went to the wrong

8  entity.

9          Accordingly, Wiskind's negligence claim is DISMISSED for failure to state a claim

10  with leave to amend.

11  **C.    California Business and Professions Code § 17200 (Claim 6)**

12          Section 17200 of California's Business and Professions Code prohibits "unfair

13  competition," which is defined as any "unlawful, unfair or fraudulent business act or

14  practice."  Cal. Bus. & Prof. Code § 17200.

15          A claim based on the "unlawful" prong of § 17200 incorporates other laws and

16  treats violations of those laws as unlawful business practices independently actionable

17  under state law.  *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.

18  2000).  Thus, the operative pleading must allege the way in which the practices violated

19  the "borrowed" law by "stat[ing] with reasonable particularity the facts supporting the

20  statutory elements of the violation."  *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612,

21  618-19 (1993).

22          Section 17200 also creates a cause of action for a business practice that is "unfair"

23  even if not specifically proscribed by some other law.  *Korea Supply Co. v. Lockheed*

24  *Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  To state a claim based on an "unfair"

25  practice under § 17200, the plaintiff must allege facts that the practice "offends an

26  established public policy or when the practice is immoral, unethical, oppressive,

27  unscrupulous or substantially injurious to consumers."  *Smith v. State Farm Mut. Auto. Ins.*

28  *Co.*, 93 Cal. App. 4th 700, 719 (2001) (internal quotation marks and citation omitted).

As to the third prong of § 17200, a business practice is "fraudulent" if "members of the public are likely to be deceived." *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211 (1983).  Allegations of fraud under § 17200 must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  And in instances "[w]here a claim under the unfair prong is based upon alleged fraudulent conduct, that claim likewise must satisfy the heightened pleading requirements of Rule 9(b)."  *Kenery v. Wells Fargo, N.A.*, No. 13-cv-02411 BLF, 2015 U.S. Dist. LEXIS 11389, at *12 (N.D. Cal. Jan. 30, 2015) (citing *Kearns*, 567 F.3d at 1125; *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1039 (N.D. Cal. 2012)).

Here, Wiskind makes conclusory allegations that fail not only to satisfy the heightened pleading standard under Rule 9(b), but also the standard to survive a Rule 12(b)(6) motion—that the claim contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.  Notably, Wiskind never unambiguously asserts under what prong of § 17200 his claims are based.

But to the extent that Wiskind brings this § 17200 claim under the "fraudulent" and "unfair" prongs, Wiskind fails to state the "who, what, when, where, and how" of the misconduct charged.  For instance, Wiskind alleges that "Defendants" committed "fraud, deceit, and other unconscionable misconduct to 'steal' Plaintiff's home" and "engaged in criminal and tortious fraud in a manner that was, at the very least, incredibly unfair." Dkt. No. 40 at ¶ 90.  Wiskind alleges that "Defendants" made "willful and inaccurate credit disclosures regarding Defendants' borrowers, including Plaintiff, to third parties." *Id.* at ¶ 99.  Wiskind argues that such disclosures to third parties "constituted false credit reports in violation of the Fair Credit Reporting Act . . . permitt[ing] the Defendants to continue their scheme and victimize the Plaintiff." *Id.* at ¶ 100.  These conclusory assertions suffer from the same Rule 9(b) deficiencies as Wiskind's earlier fraud-based claims—Wiskind fails to identify the defendant who made the fraudulent concealment or material misstatement.  Indeed, with this particular allegation, Wiskind also does not identity the third parties,

1   what the credit disclosures consist of and how they constitute false credit reports in

2   violation of federal law.

3          To the extent Wiskind brings a claim under the "unlawful" prong of § 17200, it also

4   fails.  The only "borrowed law" Wiskind refers to is the Fair Credit Reporting Act.  Yet

5   Wiskind fails to "state with reasonable particularity the facts supporting the statutory

6   elements of the violation."  *Khoury*, 14 Cal. App. 4th at 618-19.

7          Wiskind also alleges that JPMorgan committed the unfair business practice of dual

8   tracking.  Dkt. No. 40 at ¶¶ 104-05.  Section 2923.6(c) of the Homeowner Bill of Rights

9   forbids a mortgage servicer from engaging in "dual tracking" or "record[ing] a notice of

10  default . . . while the [borrower's] complete first loan modification is pending." Cal. Civ.

11  Code § 2923.6(c).  Here, Wiskind does not make any allegation that JPMorgan recorded a

12  notice of default while his first loan modification was pending.  In fact, Wiskind contends

13  that JPMorgan already approved his loan modification in September 2013 and entered into

14  a loan modification contract with him before reneging on that contract and attempting to

15  foreclose on his home in July 2014.  Accordingly, to the extent Wiskind asserts a cause of

16  action under § 17200 based on JPMorgan's alleged § 2923.6(c) violation, the claim is

17  dismissed.

18         For the reasons above, JPMorgan's motion to dismiss Wiskind's § 17200 claim is

19  GRANTED with prejudice.

20     **D.     Promissory Estoppel (Claim 7)**

21         In California, under the doctrine of promissory estoppel, "A promise which the

22  promisor should reasonably expect to induce action or forbearance on the part of the

23  promisee or a third person and which does induce such action or forbearance is binding if

24  injustice can be avoided only by enforcement of the promise."  *Kajima/Ray Wilson v. L.A.*

25  *County Metro. Transp. Auth.*, 23 Cal. 4th 305, 310 (2000) (quoting Restatement (Second)

26  of Contracts § 90(1)).

27         A claim for promissory estoppel requires establishing the following elements: (1) a

28  promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the

1   promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party

2   asserting the estoppel must be injured by his or her reliance.  *Boon Rawd Trading Int'l Co.*

3   *v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).

4       Here, as in prior claims, Wiskind fails to allege facts sufficient to state a claim.

5   Wiskind alleges that "Defendants" promised to "work on modifying his loan," provide

6   "hardship assistance," and help him "stay in his home."  Dkt. No. 40 at ¶ 113.  These

7   promises do not meet the standard for an enforceable promise under California's

8   promissory estoppel doctrine, where a promise must be "definite enough that a court can

9   determine the scope of the duty, and the limits of performance must be sufficiently defined

10  to provide a rational basis for the assessment of damages."  *Garcia v. World Sav., FSB*,

11  183 Cal. App. 4th 1031, 1045 (2010) (internal citations and quotation marks omitted).

12      Wiskind also fails to sufficiently allege detrimental reliance and damages.

13  According to Wiskind, JPMorgan promised to process his loan modification application

14  properly and diligently, and not foreclose on his home "while the modification

15  application(s) were pending."  Dkt. No. 40 at ¶114.  As a result of these promises, Wiskind

16  alleges he "did not take other action to prevent his home loan from going into default, to

17  his detriment, when Defendants failed to and refused to honor those promises . . . ."  *Id.* at

18  ¶ 116.  This conclusory allegation of reliance does not "show that [Wiskind] changed his

19  position in any way because of what he was allegedly promised by [JPMorgan]."  *Zierolf*

20  *v. Wachovia Mortg.*, No. 12-cv-3461 EMC, 2012 U.S. Dist. LEXIS 175527, at *25 (N.D.

21  Cal. Dec. 11, 2012) (finding plaintiff's decision to pursue unspecified "measures to

22  prevent foreclosure" in reliance on Wells Fargo's promise to "properly process" loan

23  modification insufficient to maintain promissory estoppel claim).  Similarly, Wiskind's

24  conclusory allegation that "he has been damaged in an amount to be proven" is not

25  sufficient to allege damages that resulted from his reliance.

26      As such, the court GRANTS JPMorgan's motion to dismiss Wiskind's promissory

27  estoppel claim with leave to amend.

28

United States District Court
Northern District of California

1

**E.     Breach of Contract (Claims 8)**

2      The elements to state a claim for breach of contract are: (1) existence of the

3  contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the

4  defendant, and (4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th

5  731, 745 (2001). To allege the existence of a contract, a plaintiff must plead mutual

6  assent, sufficiently definite contractual terms, and consideration. *Rockridge Trust v. Wells*

7  *Fargo NA*, 13-cv-01457 JCS, 2014 WL 688124, at *6 (N.D. Cal. Feb. 19, 2014) (citations

8  omitted).

9      Here Wiskind fails to sufficiently allege in the complaint the definite contractual

10  terms of the loan modification agreement that JPMorgan breached; instead, he simply

11  alleges that "the existence of a contract is undeniable (See Exhibit A)," Dkt. No. 40 at ¶

12  124 (referring to attachment entitled "Home Affordable Modification Agreement"). *See*

13  *Bustamante v. Intuit, Inc.*, 141 Cal.App.4th 199, 209, 45 (2006) (party bringing breach of

14  contract claim must allege terms that are "sufficiently definite (and this is a question of

15  law) for the court to ascertain the parties' obligations and to determine whether those

16  obligations have been performed or breached.").

17      Wiskind also fails to allege consideration—doing or promising to do what one is

18  already legally bound to do cannot be consideration for a promise. *See Patera v. CitiBank*,

19  *N.A.*, 14-cv-04533 JSC, 2015 U.S. Dist. LEXIS 14065, at *27 (N.D. Cal. Feb. 5, 2015)

20  (citing Witkin, Summary of California Law 10th (2005) Contracts § 218). Wiskind has not

21  alleged that he was required to do more than the submit payments already owed under the

22  terms of the original loan agreement. *See id.* While Wiskind alleges he made "modified

23  monthly mortgage payments," Dkt. No. 40 at ¶ 124, he does not state how those payments

24  differed from—if at all—the terms of the original 2005 loan agreement.

25      Finally, Wiskind has failed to adequately plead damages; simply alleging that "he

26  lost the benefit of his bargain" and that his house was exposed to foreclosure is not

27  enough. *See Patera*, 2015 U.S. Dist. LEXIS 14065, at *27 ("Plaintiff's damages are

28  inadequately pled—to the extent they are predicated on the submission of the reduced

1    payments, this is insufficient.").

2         Accordingly, Wiskind's breach of contract claim is DISMISSED with leave to

3    amend.  To the extent Wiskind alleges the existence of an implied contract, as he does in

4    his opposition brief, Dkt. No. 48 at 8, Wiskind must demonstrate how the elements for an

5    implied contract have been satisfied.

6    ### F.    Breach of the Implied Covenant of Good Faith and Fair Dealing (Claim 9)

7         The duty of good faith and fair dealing is implied by law into every contract,

8    functioning "as a supplement to the express contractual covenants, to prevent a contracting

9    party from engaging in conduct which (while not technically transgressing the express

10   covenants) frustrates the other party's rights to the benefits of the contract."  *Gonzalez v.*

11   *JP Morgan Chase Bank, N.A.*, No. 14-cv-2558 EMC, 2014 U.S. Dist. LEXIS 152674, *19-

12   20 (N.D. Cal. Oct. 28, 2014) (quoting *Thrifty Payless, Inc. v. Americana at Brand, LLC*,

13   218 Cal. App. 4th 1230, 1244 (2013)).

14        Put differently, the implied covenant protects only the "express terms of the

15   agreement," and "cannot impose substantive duties or limits on the contracting parties

16   beyond those incorporated in the specific terms of their agreement."  *Id.* (citing *McClain v.*

17   *Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 806 (2008)).

18        In the foreclosure context, violations of this duty involve specific contract terms.

19   These terms can relate to a loan servicer's decision to foreclose despite a borrower's

20   compliance with specific provisions of a trial modification plan, *Erickson v. PNC*

21   *Mortgage*, 2011 U.S. Dist. LEXIS 157907, 2011 WL 1743875, at *2 (D. Nev. May 6,

22   2011) (denying motion to dismiss breach of good faith and fair dealing claim), or a

23   servicer's decision to foreclose despite the existence of a servicer participation agreement

24   prohibiting foreclosure while a loan modification application was pending, *Blackwood v.*

25   *Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 43663, 2011 WL 1561024, at *5 (D.

26   Mass. Apr. 22, 2011) (same).

27        Here, Wiskind fails to identify the express terms of the agreement that the implied

28   convent protects.  Accordingly, the Court GRANTS JPMorgan's motion to dismiss

United States District Court
Northern District of California

1    Wiskind's good-faith-and-fair-dealing claim with leave to amend.

2    **IV.   CONCLUSION**

3        The Court DISMISSES all claims in the Second Amended Complaint.  The Court

4    gives Wiskind leave to amend only the claims for negligence, promissory estoppel, breach

5    of contract, and breach of the implied covenant of good faith and fair dealing.  Wiskind's

6    four fraud-based claims and his § 17200 claim are dismissed with prejudice.  Wiskind

7    must file a Third Amended Complaint or a notice of his intention not to amend the current

8    complaint within 14 days of this order.

9        The Court DENIES as moot JPMorgan's request for judicial notice, as the Court

10   does not rely on any of the requested documents in reaching its conclusion.

11       **IT IS SO ORDERED.**

12   Dated:  April 17, 2015                          _____
                                                      NATHANAEL M. COUSINS
13                                                    United States Magistrate Judge